# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KATHRYN DICKEN PEARSON<br>on behalf of herself and all other persons similarly situated, known and unknown<br>3645 Columbus Ave<br>Cincinnati, OH 45208<br><br>    Plaintiff,<br><br>v.<br><br>FUNKY'S BUSINESS VENTURES, INC.<br>1761 Tennessee Ave<br>Cincinnati, OH 45229<br><br>    Also Serve Registered Agent:<br>    MICHAEL W. FORGUS<br>    6710 Treeridge<br>    Cincinnati, OH 45225<br><br>and<br><br>MICHAEL W. FORGUS<br>DBA FUNKY'S CATERING<br>1761 Tennessee Ave<br>Cincinnati, OH 45229<br><br>and<br><br>MICHAEL W. FORGUS, INDIVIDUALLY<br>6710 Treeridge<br>Cincinnati, OH 45225<br><br>and<br><br>FPTA EMPLOYEE GROUP, INC.<br>3100 Service Corp.<br>600 Vine St., Suite 2700<br>Cincinnati, OH 45202 | CASE NO: _____<br><br><br>Judge: _____<br><br><br>**COMPLAINT WITH JURY DEMAND** |

| | |
|---|---|
| and<br><br>SHEAKLEY HR LLC<br>One Sheakley Way<br>Cincinnati, OH 45246<br><br>and<br><br>JOHN DOE 1-10<br>(Names and addresses currently unknown)<br><br>and<br><br>ABC CORPORATION 1-10<br>(Names and addresses currently unknown)<br><br>    Defendants. | |

All allegations made in this Complaint are based upon information and belief except those allocations that pertain to Plaintiff, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Plaintiff on behalf of herself and all other persons similarly situated, known and unknown, for her Complaint against Funky's Business Ventures, Inc., Michael W. Forgus dba Funky's Catering, Michael W. Forgus, Individually, FPTA Employee Group, Inc., Sheakley HR LLC, JOHN DOE 1-10, and ABC CORPORATION 1-10 ("Defendants") states as follows:

**I.    SUMMARY OF FACTS AND CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Ohio common law and is filed by Plaintiff Kathryn Pearson ("Plaintiff Pearson") on behalf of herself and all other current and former banquet servers, banquet

2

bartenders, and any other tipped banquet employees ("Banquet Employees") at Defendants' business known as Funky's Catering, which is owned and operated by Michael W. Forgus.

2. The Banquet Employees are tipped employees under 29 U.S.C. § 203(t).

3. In March 2018, Congress amended portions of the FLSA.

4. 29 U.S.C. § 203(m)(2)(A) was added to the FLSA and prohibits employers from keeping their employees' tips "for any purposes, including allowing managers and supervisors to keep any portion of the employees' tips, regardless of whether or not the employer takes a tip credit."

5. 29 U.S.C. § 216(b) of the FLSA was amended to allow employees to recover "all such tips unlawfully kept by the employer [in violation of 29 U.S.C. § 203(m)(2)(A)], and [] an additional equal amount as liquidated damages."

6. The FLSA equates tips shared with the managers and supervisors to tips being kept by the employer.

7. The duties test at 29 C.F.R. § 541.100(a)(2)-(4) is used to determine whether an individual is a manager or supervisor for purposes of 29 U.S.C. § 203(m). See, U.S. Department of Labor, Wage and Hour Division, Field Assistance Bulletin No. 2018-3, www.dol.gov/whd/FieldBulletins/fab2018_3.pdf.

8. Defendants have longstanding policies and practices under which Banquet Employees are not allowed to keep all of their tips: (1) Banquet Employees are required to participate in an invalid tip pool, which includes the mandatory tip out of Captains and Chefs who are managers or supervisors under 29 U.S.C. § 203(m)(2)(A), and (2) Defendants hold Banquet Employees' tips for an excessive period of time for Defendants' own use and benefit. These longstanding policies and practices are unlawful under the FLSA, they are willful, and have

unjustly enriched Defendants.

9. On behalf of herself and all others similarly situated who may choose to opt-in to this action, Plaintiff Pearson now seeks restitution for all tips unlawfully kept by Defendants through these policies and practices, an equal amount of liquidated damages, attorneys' fees and costs, and any other damages to which they may be entitled under law or equity. Plaintiff Pearson also asserts a claim for unjust enrichment and breach of contract arising from Defendants' illegal retention of its Banquet Employees' earned tips.

## II. JURISDICTION

10. This Court has jurisdiction over Plaintiff Pearson's federal claims pursuant to 28 U.S.C. § 1331 and may assume supplemental jurisdiction over Plaintiff Pearson's state law claims on the basis of 28 U.S.C. § 1367.

11. Venue with the Court is appropriate pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions complained of giving rise to the claims occurred within this judicial district.

## III. PARTIES

12. Plaintiff Pearson is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Pearson was employed by Defendants as a Banquet Employee who performed various non-managerial and non-administrative duties, such as serving customers and bartending, from July 2015 until June 2019. Plaintiff Pearson was not exempt from the provisions of the FLSA.

13. The class of similarly situated employees consists of all current and former non-exempt employees of Defendant, who as banquet servers, banquet bartenders, and any other tipped banquet employees were required by Defendants' mandatory "tip pool" policy or practice to "tip out" Defendants' Captains and Chefs.

14. Defendants' Captains and Chefs are managers or supervisors under 29 U.S.C. § 203(m)(2)(A) of the FLSA.

15. Defendant Funky's Business Ventures, Inc. is an Ohio for profit corporation, which is owned by Defendant Michael W. Forgus.

16. Funky's Catering is registered with the Ohio Secretary of State website as a trade name and is used as such by the other Defendants.

17. To the best of Plaintiff Pearson's knowledge, information and belief, Defendant Michael W. Forgus has at all times relevant herein provided management policies, and had control over significant aspects of Defendants' day-to-day operations.

18. Defendant Sheakley HR LLC is listed as the employer on the IRS Form W-2s that are issued to Banquet Employees. On page 5 of the Employee Manual (attached as Exhibit 1) it states:

> Your worksite employer ("Employer') has partnered with Sheakley HR Solutions in a co-employment relationship for its employees. Your Employer's responsibilities include, but are not limited to, employee promotion and demotion, scheduling, disciplinary action, transferring of jobs, pay structure and scale, and designation of job functions and duties. Sheakley HR Solutions' responsibilities may include, but are not limited to, payroll and benefit administration, human resources services, workers' compensation and employee relations…. Throughout this Employee Manual, your Employer and Sheakley HR Solutions may be collectively referred to as the "Companies" or individually as the "Company".

19. Defendant Sheakley HR LLC, and Defendant FPTA Employee Group, Inc. are listed as doing business as Funky's Catering Events on the title page for the Employee Manual dated August 2019.

20. According to its website, Sheakley HR LLC works with employers to "reduce the risk and manage compliance" regarding FLSA regulations and Ohio law. See, www.sheakley.com/blog/full-service-hr/dont-get-tripped-up-by-these-common-compliance-

issues/.

21. The principal place of business of all Defendants is Hamilton County, Ohio.

22. At all times relevant herein, all Defendants were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(l)(A), and were "employers" within the meaning of the FLSA.

23. Defendants John Doe 1-10 are individuals whose identities and addresses are currently unknown but will be discovered once Plaintiff Pearson has had a reasonable opportunity to engage in discovery. Defendants John Doe 1-10 are liable to Plaintiff Pearson and the similarly-situated Banquet Employees for damages. Some or all of Defendants John Doe 1-10 have at all times relevant herein owned or operated Defendants' business, and were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(l)(A), and were an "employer" within the meaning of the FLSA.

24. Defendants ABC Corporation 1-10 are companies whose identities and addresses are currently unknown but will be discovered once Plaintiff Pearson has had a reasonable opportunity to engage in discovery. Defendants ABC Corporation 1-10 are liable to Plaintiff Pearson and the similarly situated Banquet Employees for damages. At all times relevant herein, some or all of Defendants ABC Corporation 1-10 have owned or operated Funky's Catering, were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(l)(A), and were an "employer" within the meaning of the FLSA.

### IV. STATEMENT OF THE CASE

25. Defendant Michael W. Forgus owns and operates Funky's Catering, located in Cincinnati, Ohio. According to the Defendants' Facebook Page, Funky's Catering is a catering service that specializes in "Social Catering and Event Planning. From dinner parties for twenty

6

People, weddings for three hundred, or galas for six hundred!"

26. Banquet Employees are those employees of Defendants that work at these events and receive a portion of their compensation in the form of tips from customers.

27. At some events, customers have the opportunity to place cash tips in a jar ("Tip Jar Tips").

28. At some events, customers have the opportunity to give cash tips directly to Banquet Employees ("Cash Tips").

29. Defendants also allow for gratuity to be added at the discretion of the customer to each final bill ("Bill Gratuity").

30. Defendants' Captains and Chefs exercise substantial managerial authority over the day-to-day operations of the business. The Captains and Chefs have firing authority, they control the schedules of other employees, they have control over the computing of tips, and they act directly and indirectly in the interest of Defendants in relation to the Banquet Employees. At each event, the Captain and Chef are the managers in charge of all Banquet Employees and the successful running of the event.

31. At the end of the event, Defendants' Captain collects Tip Jar Tips and Cash Tips on behalf of Defendants.

32. Once a customer has paid their final bill, including any Bill Gratuity, Defendants calculate the total for the Tip Jar Tips, Cash Tips, and Bill Gratuity for that customer's event.

33. Defendants require Banquet Employees to participate in a mandatory tip pool with respect to Tip Jar Tips, Cash Tips, and Bill Gratuity, ("Tip Pool"), where all amounts are collected by Defendants and then distributed to Banquet Employees, Defendants' Captains, and Chefs.

34. Defendants distribute the Tip Pool among the Banquet Employees who worked a

particular event, as well as and the Defendants' Captain and Chef who managed the event.

35. Each Banquet Employee gets an equal share of the Tip Pool. Whether the Captains and Chefs get the same amount or a greater share of the Distributed Gratuity is unknown.

36. Defendants' Captains and Chefs regularly told Banquet Employees, that the Captain and Chef have an agreement with Defendants under which the Captain and Chefs may take an amount of the Tip Pool for him or herself.

37. The portion of the Tip Pool allocated to each Banquet Employee is recorded in a ledger that is prepared and maintained by Defendants.

38. Upon information and belief, the portion of the Tip Pool distributed, collectively, to the Banquet Employees on their paychecks is less than the total amount of Tip Pool recorded in the ledger.

39. Defendants' Captains or Chefs do not regularly and customarily receive tips. Defendants' Captains and Chefs are mangers and/or are employers under the FLSA.

40. Defendants know or should know that their mandatory tip pool policy or practice is in violation of the FLSA. Defendants nevertheless continue to maintain the mandatory tip pool policy or practice.

41. Defendants also have a pattern and practice of waiting several months after receiving the Bill Gratuity (which can be up to a month after receiving the Tip Jar Tips and Cash Tips) before distributing the Tip Pool to the Banquet Employees such that Banquet Employees sometimes wait four or more months after earning tips before receiving them.

42. Upon information and belief, the time delays in distributing the Tip Pool are longest when Defendants in the process of opening a new venue.

43. Through these acts, Defendants do not allow Banquet Employees to retain all of

their tips.

44. Defendants' conduct, as described herein, was the direct and proximate cause of economic damage to Plaintiff Pearson and other similarly situated Banquet Employees.

45. Defendants' conduct, as described herein, was knowing and willful.

## V. CAUSES OF ACTION

### COUNT ONE: VIOLATION OF 29 U.S.C. § 203(m)(2)(B) OF THE FLSA

46. Plaintiff Pearson reiterates and incorporates by reference all of the proceeding paragraphs as it is fully rewritten herein.

47. Defendants require Banquet Employees to participate in a tip pool with respect to Tip Jar Tips, Cash Tips, and Bill Gratuity.

48. Defendants' tip pool policy or practices requires that Banquet Employees "tip out" Defendants' Captains and Chefs.

49. The Captains and Chefs are managers or supervisors for purposes of 29 U.S.C. § 203(m)(2)(B).

50. A policy that requires some portion of the Tip Pool to be distributed to managers and supervisors is invalid as employers are prohibited from keeping or using an employee's tips.

51. Defendants' practice of misappropriating a portion of Plaintiff Pearson's, and other similarly situated Banquet Employees', Tip Pool distributions to meet its own compensation obligations to its Captains and Chefs is a violation of 29 U.S.C. § 203(m)(2)(B).

### COUNT TWO: FAILURE TO INFORM ABOUT THE TIP POOL IN VIOLATION OF THE FLSA

52. Plaintiff Pearson reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

9

53. Employers making use of a mandatory tip pool are required to inform the employee of any required tip pool contribution amount.

54. Not only is it improper to require Banquet Employees to tip out Defendants' Captains and Chefs, but the Banquet Employees were not informed of the amounts actually taken by Defendants' Captains or Chefs from the Tip Pool.

55. Defendants failed to inform its Banquet Employees about the Tip Pool.

## COUNT THREE: HOLDING OR USING OF EMPLOYEE TIPS IN VIOLATION OF THE FLSA

56. Plaintiff Pearson reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

57. Defendants fail to pay Banquet Employees tips in a timely manner after pooling them.

58. This delay is increased when a new event venue is being purchased or developed.

59. Generally, the U.S. Department of Labor requires that an amount due to an employee must be paid no later than the next regular pay day.

60. While Defendants' payroll is run every week, Defendants regularly hold the Tip Pool for months after receiving the money before distributing the Tip Pool to the Banquet Employees.

61. This failure to treat Banquet Employees' tips as the sole property of the tipped employee, is a violation of 29 U.S.C. § 203(m)(2)(B) and 29 C.F.R. § 531.52.

## COUNT FOUR: WILLFUL VIOLATIONS

62. Plaintiff Pearson reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

63. Defendants knew or should have known its policy and practice of requiring Banquet Employees to participate in an invalid mandatory tip pool is in violation of the FLSA. Or Defendants should have inquired further into whether said policy and practice is in violation of the FLSA and failed to make adequate further inquiry.

64. Defendants knew or should have known its policy and practice of withholding, delaying, and/or using Banquet Employee's Tip Pool distributions before distributing them back to the Banquet Employees is in violation of the FLSA. Or Defendants should have inquired further into whether said policy and practice is in violation of the FLSA and failed to make adequate further inquiry.

65. As such, these policies and practices are willful for purposes of the FLSA.

### COUNT FIVE: UNJUST ENRICHMENT

66. Plaintiff Pearson reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

67. Defendants have retained money and benefits which in justice and equity belonged to Plaintiff Pearson and other similarly situated Banquet Employees.

68. Defendants' practice of misappropriating a portion of Plaintiff Pearson's, and other similarly situated Banquet Employees', Tip Pool distributions to meet its own compensation obligations to its Captains and Chefs is inequitable and constitutes unjust enrichment under Ohio law.

69. Defendants' practice of holding and using a portion of Plaintiff Pearson's, and other similarly situated Banquet Employees' Tip Pool distributions for its own purposes, even if ultimately paid to the Banquet Employees is inequitable and constitutes unjust enrichment under Ohio law.

## COUNT SIX: BREACH OF CONTRACT

70. Plaintiff Pearson reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

71. Plaintiff Pearson and Defendants entered into a contract for employment, as did the similarly situated employees.

72. Plaintiff Pearson and the similarly situated employees each agreed to work for Defendants and in return for the work provided Defendants agreed to pay these Banquet Employees.

73. As part of the contract, Defendants issued an Employee Manual to describe the relationship between parties.

74. As stated on page 5 of the Employee Manual, The Employee Manual was created to provide answers to most of the questions employees have about the company's policies and procedures.

75. The Employee Manual the policy clearly states on page 29, "All employees are paid weekly on Monday. Each paycheck will include earning for all work performed through the end of the previous payroll period."

76. On this same page of the Employee Manual, the policy also clearly states, "Funky's Catering takes all reasonable steps to ensure that employees receive the correct amount of pay in each paycheck and that employees are paid promptly on the schedule payday."

77. Defendants have breached its contract to pay employee as outlined in the Employee Manual.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pearson, on behalf of herself and all other persons similarly

situated, known and unknown, request that this Court enter the following relief:

1. An order permitting this litigation to proceed as a collective action;

2. Opportunity to notify other similarly situated Banquet Employees that this litigation is pending and that they have the right to opt-in to this action pursuant to 29 U.S.C.§ 216(b);

3. Judgment against Defendants for willfully violating the FLSA;

4. Restitution for tips that Defendants' Banquet Employees have not been permitted to retain;

5. Restitution for the significantly delayed payment of tips and Defendants' illegal use of tips for their own benefit;

6. Liquidated damages pursuant to 29 U.S.C. § 216(b);

7. Attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

8. Any other relief in law or equity to which Plaintiff may be entitled.

Respectfully submitted,

BECKMAN WEIL SHEPARDSON LLC

/s/ Kristen M. Myers
Kristen M. Myers (OH #0078047)
Caroline M. Drennen (OH #0097392)
895 Central Avenue, Suite 300
Cincinnati, OH 45202
TEL: 513-621-2100
FAX: 513-621-0106
kmyers@beckman-weil.com
cdrennen@beckamn-weil.com

*Trial Attorneys for Kathryn Pearson and all other similarly situated individuals*

## **JURY DEMAND**

Plaintiff Kathryn Pearson demands a trial by jury for all issues of fact in connection with this Complaint.

/s/ Kristen M. Myers

T:\Pearson\Katie - 10377\Funky's Catering\Complaint.docx